## BLOCK v. MILLER *et al.*

No. 2658.   Opinion Filed April 29, 1913.

(132 Pac. 133.)

**APPEAL AND ERROR**—Review—Findings by Court. Where, upon the issue upon which a case turns, there is a substantial conflict in the evidence, and the cause is tried to the court without a jury, a general finding made by the trial court will not be disturbed by this court on review.

(Syllabus by the Court.)

*Error from District Court, Caddo County;*
*F. M. Bailey, Judge.*

Action by G. H. Block against George C. Miller and Rufus W. Miller. Judgment for defendants, and plaintiff brings error. Affirmed.

*Morris & Starkweather,* for plaintiff in error.
*H. W. Morgan,* for defendants in error.

WILLIAMS, J.   This proceeding in error is to review the action of the trial court where the plaintiff in error, as plaintiff, sought to enforce a materialman's lien upon the property of the defendants in error. The cause was tried to the

court without a jury, who rendered judgment adverse to plaintiff.

The case turned upon the question as to whether the lien was filed in time. That depended on whether a certain piece of cypress timber, which was furnished on December 1, 1908, was gotten for the purpose of being used under a certain contract. Upon that there was a sharp conflict in the evidence. One Coomer got this piece of lumber, and under his evidence it was not properly chargeable against the Hatcher contract, which contract was the basis for the enforcement of the lien. He testified as follows:

"Q. When you got this lumber, Mr. Coomer, did you not tell the Block Lumber Company you were getting it for the Miller Grain Company? A. Yes, I told him at the time it was for the Miller Grain Company."

This evidence had reference to the piece of cypress lumber in question. The evidence offered to support plaintiff's contention is as follows by Fred Bonontscher:

"Q. Do you remember about an item sold by the lumber company on the 1st day of December, 1908, the last item here on the Hatcher account? A. Yes, sir. Q. Do you remember what it was? A. It was a piece of cypress. Q. Who sold that? A. I did myself. Q. Who came to get it? A. F. Coomer. Q. Is that the same Coomer that Mr. Miller testified about? A. Yes, sir. Q. Did he tell you what he wanted with that piece of lumber when he came after it? A. Yes, sir. Q. Tell the court what he said about it. A. He came up there and said he wanted a piece of cypress for that Miller and Hatcher contract and said to charge it to the Miller and Hatcher contract to go in the elevator. Q. Did you charge it? A. Yes, sir; I charged it that way on the book. * * *"

On cross-examination the witness testified:

"Q. Mr. Coomer came to get that cypress? A. Yes. sir; and he said to charge it to the Miller-Hatcher account."

It cannot be said that the evidence was not conflicting on this proposition, for, if he told the manager of the lumber company that he was getting the piece of cypress for the

Miller Grain Company, that conflicts with the statement of the manager, who states that he said he was getting the piece of lumber on the Miller ·and Hatcher contract, and said to charge it to the Miller and Hatcher contract. This conflict is further accentuated by the fact that the cypress lumber was not used under the Miller and Hatcher contract, but for an improvement made for the Miller Grain Company, which was not covered or contemplated by said contract.

The judgment of the lower court must be affirmed.

All the Justices concur.